**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Darjon T.,[1]

Plaintiff,

v.

Frank Bisignano,
*Commissioner of Social Security Administration*,

Defendant.

Case No. 25-cv-4220 (DJF)

**ORDER**

---

Pursuant to 42 U.S.C. § 405(g), Plaintiff Darjon T. ("Plaintiff") seeks judicial review of the Commissioner of Social Security's ("Commissioner") August 28, 2024 decision denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Decision"). Plaintiff challenges the Administrative Law Judge's ("ALJ") formulation of his residual functional capacity ("RFC") on the ground that fails to account for a social interaction limitation adopted in prior administrative medical findings she found generally persuasive. Plaintiff asks the Court to vacate and reverse the Decision, or in the alternative, remand this matter to the Commissioner for a new hearing. (ECF No. 1.) The Commissioner asks that the Decision be affirmed in its entirety. (ECF No. 20.) The parties consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter is before the Court on the parties' briefs. For the reasons given below, the Court affirms the Commissioner's Decision.

[1] This District has adopted a policy of using only the first name and last initial of any non-governmental parties in orders in Social Security matters.

## BACKGROUND

### I. Regulatory Background

An individual is considered disabled for purposes of Social Security disability benefits if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that he is not engaged in any "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). The claimant must establish at step two that he has a severe, medically determinable impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). At step three, the Commissioner must find the claimant is disabled if the claimant has satisfied the first two steps and the claimant's impairment meets or is medically equal to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App'x 1 ("Listing of Impairments" or "Listing"). 20 C.F.R. § 416.920(a)(4)(iii).[2] If

[2] The Listing of Impairments is a catalog of presumptively disabling impairments categorized by the relevant "body system" affected. *See* 20 C.F.R. Part 404, Subpart P, App. 1.

the claimant's impairment does not meet or is not medically equal to one of the impairments in the Listing, the evaluation proceeds to step four. The claimant then bears the burden of establishing his RFC and proving that he cannot perform any past relevant work. 20 C.F.R. § 416.920(a)(4)(iv); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves he is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

## II. Relevant Procedural History

On January 9, 2023, Plaintiff protectively filed an application for SSI. (Soc. Sec. Admin. R. (hereinafter "R.") 217-18.) At that time, he was a 23-year-old man with no prior employment. (*See* R. 219; R. 235.) He alleged disability beginning June 7, 2010 arising from autism/Asperger's syndrome and ADHD (attention deficit hyperactivity disorder). (R. 219; R. 234.) Defendant denied the claim initially on June 21, 2023 (R. 116-20), and upon reconsideration on November 28, 2023 (R. 134-37). On Plaintiff's request (R. 138-40), an ALJ conducted a hearing on June 26, 2024 (R. 51-94). An attorney represented Plaintiff during the hearing, and Plaintiff, Plaintiff's mother, and a vocational expert ("VE") testified. (*See* R. 51.) After the hearing, the ALJ issued a decision finding Plaintiff not disabled ("Decision"). (R. 7-23.) Plaintiff unsuccessfully appealed to the Appeals Council (R. 1-6), and this lawsuit followed.

The ALJ determined at step one of the sequential analysis that Plaintiff had not engaged in any substantial gainful activity since his application date. (R. 13.) At step two, the ALJ found Plaintiff had the following severe impairments: autism spectrum disorder; ADHD; adjustment disorder with mixed anxiety and depressed mood; and specific learning disability. (R. 13.) At

step three, the ALJ concluded that none of Plaintiff's impairments individually or collectively met or medically equaled any impairment in the Listing. (R. 13-14.)

The ALJ then determined Plaintiff's RFC. She stated:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand, remember, and carry out simple instructions. He can use judgment to make simple work-related decisions. The claimant cannot perform work requiring a production rate, such as assembly line work or hourly quotas. He can deal with occasional changes in a routine work setting. The claimant cannot interact with the public, but can tolerate occasional contact with co-workers and supervisors.

(R. 15.) In reaching this determination, the ALJ reviewed the record in detail, taking into consideration the medical opinions in the record; Plaintiff's cognitive and mental health testing, examination and treatment history; Plaintiff's academic record; the testimony from Plaintiff and his mother regarding his symptoms and abilities; and his activities of daily living. (R. 12-26.)

After determining Plaintiff's RFC, the ALJ found at step four of the sequential analysis that Plaintiff had no past relevant work. (R. 19.) Relying on the VE's testimony, however, she then found at step five that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: packer (DOT 920.687-066); garment marker (DOT 369.687-026); and sorter (DOT 509.686-018). (R. 19.) The ALJ noted that all these jobs are medium, unskilled positions at the SVP-2 level. (*Id.*) Based on these findings, the ALJ concluded Plaintiff was not disabled. (R. 20.)

## DISCUSSION

### I. Standard of Review

The Court's review of the Commissioner's Decision is limited to determining whether the Decision is "supported by substantial evidence on the record as a whole." *McKinney v. Apfel*,

228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence … is more than a mere scintilla." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This "threshold … is not high." *Id.* But a court determining whether evidence is substantial must also consider whatever is in the record that fairly detracts from its weight. *See Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999); *see also Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

Remand is warranted, however, when the ALJ's opinion contains insufficient factual findings that "considered in light of the record as a whole, are insufficient to permit [the] Court to conclude that substantial evidence supports the Commissioner's decision." *Scott ex rel. Scott v. Astrue*, 529 F.3d 818, 822 (8th Cir. 2008); *see also Chunn v. Barnhart*, 397 F.3d 667, 672 (8th Cir. 2005) (remanding because the ALJ's factual findings were insufficient for meaningful appellate review). At a minimum, the ALJ must build a logical bridge between the evidence and the RFC she creates. She does so by "includ[ing] a narrative discussion describing how the evidence supports each conclusion." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7. "[T]he [ALJ] must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id.*; *see also Lee R. v. Kijakazi*, No. 20-cv-1989 (BRT), 2022 WL 673259, at *4 (D. Minn. Mar. 7, 2022) (finding ALJ failed to create

a "logical bridge" between the evidence and his conclusions); *Weber v. Colvin*, No. 16-cv-332 (JNE/TNL), 2017 WL 477099, at *26 (D. Minn. Jan. 26, 2019) (same).

## II. Analysis

The sole issue Plaintiff raises is whether the ALJ erred in failing either to incorporate limitations in his RFC that were included in opinions the ALJ found persuasive, or to articulate a clear rationale for omitting them. (*See* ECF No. 14.) Plaintiff specifically challenges the ALJ's decision to a adopt a limitation restricting Plaintiff to "occasional" interactions with others while omitting any limitation to "superficial" or "brief" interactions with others.

Plaintiff points to the prior administrative findings of state agency psychologists Marci Mylan, Ph.D., L.P. (R. 97-101) and Ray Conroe, P.h.D., L.P. (R. 106-110). (*See* ECF No. 14 at 12, 17-18.) Both psychologists found Plaintiff is "not disabled" (R. 102, 110), but noted restrictions, including that his "ability to interact and get along with co-workers would be moderately impaired, but adequate for brief and superficial contact." (R. 100, R. 109.) Plaintiff also identifies as support a report from consultative psychological examiner Monique Boudreaux, Psy.D., L.P. (R. 325-28), who stated that "some characteristics associated with Autism Spectrum Disorder (i.e., impaired social emotional reciprocity) could adversely impact his relationships with others." (*See* ECF No. 14 at 12, 17-18.) Plaintiff argues that because both Drs. Mylan and Conroe issued "persuasive" opinions limiting Plaintiff to contact that is superficial and brief, the ALJ had an obligation either to incorporate those limitations into Plaintiff's RFC or explain why she excluded them.[3]

[3] Insofar as Plaintiff relies on Dr. Boudreaux's opinion, it does not support his contention that the ALJ erred. The ALJ found Dr. Boudreaux's opinion only "partially persuasive" (R. 18), and Plaintiff proffers no basis to challenge that finding. Moreover, Dr. Boudreaux did not impose any specific contact limitation, and to the extent Dr. Boudreaux found Plaintiff's autism might adversely affect his relationships with others, the ALJ addressed that concern by limiting Plaintiff

Plaintiff's argument suffers from multiple defects. The argument is premised on the faulty proposition that the ALJ found the opinions "persuasive" but failed to adopt their recommended "brief and superficial contact" limitation without explaining why. This characterization of the Decision is misleading. In summarizing her overall assessment of Drs. Mylan and Conroe's opinions, the ALJ described them as "generally persuasive," but when discussing their assessed limitations, including the "brief and superficial contact" limitation specifically, the ALJ's evaluation was more guarded. The ALJ stated the opinions as to these limitations were only "somewhat persuasive" (R. 17) and went on to explain:

> [D]ue to [Plaintiff's] autism and mild social deficits, [he] should have no interaction with others, but could tolerate occasional interaction with co-workers and supervisors. The overall record does support some degree of limitation on workplace interactions, but brief and superficial is not supported. The weight of the record supports limiting the frequency of interactions rather than the type.

(R. 18.) The argument that Plaintiff advances—that the ALJ was obliged to mirror all the psychologists' findings or explain their omission because she found them "persuasive"—is not credible in light of the ALJ's unequivocal statement that she was not persuaded as to the particular findings at issue.

Plaintiff nevertheless contends the ALJ had an obligation to provide a detailed explanation of why she chose to impose a contact limitation based on frequency but not type. (*See* ECF No. 14 at 18, "The ALJ reached a different conclusion but never explained why she found restrictions on the type of contact were unsupported by the record.") This Court has previously held that an ALJ must explain her failure to adopt a "superficial" contact limitation when it is included in medical opinions she deems persuasive. *See Kenneth J.V. v. Kijakazi*, No. 22-cv-373 (KMM/DJF),

---

to no interactions with the public and only occasional contact with co-workers and supervisors. (R. 15.)

2023 WL 2394397, at *7-10 (D. Minn. Jan. 7, 2023) (collecting cases and recommending remand based on ALJ's failure to distinguish between "occasional" and "superficial" contact with others), *report and recommendation accepted*, 2023 WL 2388696 (D. Minn. Mar. 7, 2023). That decision is inapposite here, however, because the ALJ explicitly discounted the state agency psychologists' opinions in relevant part. Nothing in the Court's previous decisions suggests an ALJ must explain her failure to parrot every restriction in opinions she deems only "somewhat persuasive", such as those at issue here. An ALJ "is not required to identify each and every scrap of evidence that supports or detracts from the medical opinions" so long as her reasoning is clear enough to allow for judicial review. *Erik J. v. Bisignano*, No. 25-cv-2515 (SGE), 2026 WL 1724860, at *3 (D. Minn. June 15, 2026) (quoting *Grindley v. Kijakazi*, 9 F.4th 622, 631 (8th Cir. 2021)).

Furthermore, the Court's previous decision was premised on finding the terms "occasional" and "superficial" materially distinct, because "occasional" limits the frequency of the interaction but not its duration or qualitative depth. *See Kenneth J.V.*, 2023 WL 2394397, at *7-10; *see also Troy L.M. v. Kijakazi*, No. 22-cv-119 (TNL), 2022 WL 4540107, at *14-15 (D. Minn. Sept. 28, 2022) (finding material difference between "superficial" contact limitation and "occasional" contact limitation); *Christine F. v. Kijakazi*, No. 21-cv-2048 (NEB/LIB), 2022 WL 3648674 at *5 n.3 (D. Minn. July 27, 2022), *report and recommendation accepted*, 2022 WL 3647808 (D. Minn. Aug. 24, 2022) (holding ALJ had duty to explain failure to incorporate State agency consultant's superficial contact limitation into plaintiff's RFC); *Sanders v. Astrue*, No. 11-cv-1356 (JNE/JJG), 2012 WL 1657922, at *12-13 (D. Minn. April 17, 2012) ("Even a job that requires only occasional interaction could require an employee to engage in prolonged or meaningful conversations during those few occasions."), *report and recommendation adopted in relevant part*, 2012 WL 1658988 (D. Minn. May 11, 2012).

But the Eighth Circuit later dismissed the idea that the terms "occasional" and "superficial" are sufficiently distinct to mandate reversal when one is included and the other is not. In *Lane v. O'Malley*, No. 23-1432, 2024 WL 302395 (8th Cir. Jan. 26, 2024) (per curiam), the Eighth Circuit addressed this argument as follows:

> [The Plaintiff] argues that the ALJ's reference to "occasional" interactions is inconsistent with the shared opinion of two psychologists, which the ALJ found persuasive, that he could have "superficial" interactions. He reasons that because the terms are different—the former being about quantity and the latter about quality—omitting the psychologists' limitation renders the expert's conclusion unreliable and the ALJ's decision without substantial evidence. ... We reject this manufactured inconsistency.

*Id*. at *1; *see also Wyatt v. Kijakazi,* No. 23-1559, 2023 WL 6629761 (8th Cir. Oct. 12, 2023) (per curiam) (finding ALJ did not err in failing to adopt the exact limitations set forth in the opinions she found persuasive regarding interactions with others in the workplace). Based on these precedents, the undersigned and other judges in this District have since rejected the argument Plaintiff seeks to advance. *See Gina V. v. Bisignano*, No. 25-cv-3757 (DJF), 2026 WL 1557108, at *4 (D. Minn. June 2, 2026); *Larson v. Bisignano*, No. 24-cv-2783 (NEB/DLM), 2025 WL 2779060, at *4 (D. Minn. Sept. 30, 2025), *aff'd*, No. 25-3365, 2026 WL 2085030 (8th Cir. July 20, 2026); *Jennifer L. v. Comm'r of the Soc. Sec. Admin.,* No. 23-cv-1822 (KMM/TNL), 2024 WL 4120375, at *5-7 (D. Minn. June 27, 2024), *report and recommendation accepted*, 2024 WL 4003021, at *2 (D. Minn. Aug. 30, 2024). Though Plaintiff's counsel is plainly aware of this contrary case law[4] he failed to call the Court's attention to it, and because he did not even attempt to try to distinguish these cases in his briefing, the Court finds no basis to accept the premise underlying Plaintiff's claim. Plaintiff's request for relief is denied accordingly.

[4] Plaintiff's counsel's law firm represented the plaintiffs in *Gina V, Wyatt*, and *Jennifer L.*

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Request for Relief (ECF No. 14) is **DENIED**;

2. Defendant's Request for Relief (ECF No. 20) is **GRANTED**; and

3. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 30, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge